### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOARD OF TRUSTEES OF <br> THE UNIVERSITY OF MASSACHUSETTS, <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSAL SEQUENCE, INC., <br> d/b/a MemoryXL, <br><br> and <br><br> RICHARD F. PEISCH, <br> d/b/a MemXL.com and MyMXL.com, <br><br> Defendants. | Civil Action No. 10-10615 |

## COMPLAINT

Plaintiff, Board of Trustees of the University of Massachusetts, for its complaint against Defendants, Universal Sequence, Inc. and its president, Richard F. Peisch, alleges as follows:

### PARTIES

1. Plaintiff, Board of Trustees of the University of Massachusetts ("UMass"), is a public institution within the Massachusetts system of public higher education, established as the Massachusetts state university under M.G.L. ch. 75, having its principal place of business in Boston, Massachusetts.

2. On information and belief, defendant, Universal Sequence, Inc. ("USI"), is a Massachusetts corporation located and doing business as MemoryXL, at 11 Beacon Street, Suite 700, Boston, MA 02108.

3. On information and belief, defendant, Richard F. Peisch, is an individual who is located and doing business as MemXL.com and MyMXL.com, at 11 Beacon Street, Suite 700, Boston, MA 02108.

## NATURE OF ACTION

4. This is a civil action against Defendants for their acts of trademark infringement, unfair competition and false designation of origin in violation of Section 32 of the United States Trademark Act of 1946, 15 U.S.C. § 1114, and Section 43(a) of the United States Trademark Act of 1946, 15 U.S.C. § 1125(a) ("the Trademark Act").  This action also includes supplemental claims for unfair competition under the common law and statutory law of Massachusetts.

## JURISDICTION

5. The Court has jurisdiction pursuant to 15 U.S.C. §§ 1116 and 1121 and 28 U.S.C. §§ 1331 and 1338.  This Court also has supplemental jurisdiction over UMass's state and common law claims pursuant to 28 U.S.C. § 1367.

6. Jurisdiction over Defendants exists in that, on information and belief, they are citizens of and maintain principal places of business within the State of Massachusetts and this Judicial District.

## VENUE

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and activities of Defendants giving rise to the claims at issue occurred within Massachusetts and within this Judicial District.

**FACTS**

8. UMass is a public university that has built a reputation as a world-class research institution. Every year, research by UMass faculty results in new technological advances, some of which have commercial potential. UMass typically seeks intellectual property protection for such advances, including patent and trademark protection. Then, as part its technology-transfer program, UMass collaborates with and licenses its patent and/or trademark rights to companies engaged in commercializing products.

9. In the mid-2000s, a UMass research team came up with a developmental formulation for neuroprotective and cognitive function for which it sought patent and trademark protection. The formulation was referred to as "MemoryXL." And on July 2, 2008, UMass filed a trademark application in the United States Patent and Trademark Office, to register the MemoryXL mark in the category of "Nutraceuticals for Use as a Dietary Supplement." Use of the mark in interstate commerce began at least as early as February 16, 2009. After a complete examination, the trademark application matured and issued on July 28, 2009 as Registration No. 3,661,857 on the Principal Register.

10. UMass is the owner of the federally-registered MemoryXL® mark, and any imitations or variations of the mark. A copy of the federal registration for the MemoryXL® mark is attached as Exhibit A.

11. On January 14, 2009, subsequent to filing its trademark application, UMass entered into a License Agreement (the "Agreement") with Defendant USI to commercialize the MemoryXL® formulation developed by the UMass researchers. In addition to other rights, the Agreement granted USI an exclusive, worldwide license to use the MemoryXL® mark in certain defined distribution channels, including the internet.

The Agreement further provided that UMass "is and shall remain the sole and exclusive owner" of the MemoryXL® mark and any goodwill developed through USI's use of the mark, and that such use "inures to the benefit of the University."

12. On information and belief, as part of its efforts to commercialize the MemoryXL® product under the Agreement, Defendants registered the website domain, "memxl.com." The "memxl.com" website is registered to Defendant, Richard Peisch, who also serves as President of Defendant USI.

13. On information and belief, before registering the "memxl.com" domain, Defendants sought and obtained approval from UMass to use the "memxl.com" domain name in connection with marketing and selling the MemoryXL® product.

14. On information and belief, "memxl.com" is a business predicated upon marketing and selling products bearing the MemoryXL® mark. Defendants opened and began using the "memxl.com" website in or around February 2009 for the sole purpose of marketing and selling the MemoryXL® products. Attached as Exhibit B, and incorporated herein by reference, is a true and correct screenshot of this website as it existed at one time.

15. On information and belief, Defendants also use the abbreviation, MemXL, in connection with marketing and selling the MemoryXL® products.

16. As a direct result of the MemXL abbreviation being used in the promotion of products bearing the MemoryXL® mark, the general public has come to associate the MemXL abbreviation and the "memxl.com" domain name as legally indistinguishable from the MemoryXL® mark.

17. On information and belief, Defendants solicited sales and garnered income by using the MemoryXL® mark and the associated MemXL abbreviation in connection with selling products on the "memxl.com" website as contemplated by the Agreement.

18. On August 10, 2009, UMass notified Defendant USI that it was in material breach of the Agreement for non-payment of fees due under the Agreement. On information and belief, the notice letter was received by Defendant USI on August 11, 2009.

19. On information and belief, Defendants never responded to UMass's notice letter and took no steps to cure the material breach.

20. On October 10, 2009, the Agreement was terminated for default in accordance with its terms, and the license granted Defendant USI to use the MemoryXL® mark was revoked. USI was notified of the termination on the same date.

21. Defendants, directly, and by and through their counsel, acknowledged that the Agreement was properly terminated and never requested dispute resolution pursuant to the terms of the Agreement.

22. Upon termination of the Agreement, and pursuant to its terms, any goodwill associated with Defendants' use of the MemoryXL® mark, including its use of the MemXL abbreviation and the "memxl.com" domain name, inured to the benefit and ownership of UMass.

23. Upon termination of the Agreement, Defendants were required to cease any and all use of the MemoryXL® mark and the associated MemXL abbreviation, including use of such marks on the "memxl.com" website. They were also required to cease operation of the "memxl.com" website and transfer registration thereof to UMass.

24. Since termination of the Agreement on October 10, 2009, Defendants no longer have any business connection or association with UMass, nor do they have any authorization to use the federally-registered MemoryXL® mark, the common law MemXL mark, or the "memxl.com" domain name.

25. On information and belief, with full knowledge and disregard of the prior rights of UMass, Defendants continued to use the MemoryXL® and MemXL marks after a date when it was no longer authorized to do so by UMass.

26. On information and belief, with full knowledge and disregard of the prior rights of UMass, Defendants prominently and publicly displayed the MemoryXL® and MemXL marks on the "memxl.com" website after a date when it was no longer authorized to do so by UMass.

27. On information and belief, with full knowledge and disregard of the prior rights of UMass, Defendants continued to use the "memxl.com" domain name after a date when it was no longer authorized to do so by UMass.

28. Upon learning of the continued infringing uses by Defendants of UMass's MemoryXL® and MemXL marks and its "memxl.com" domain name, UMass promptly notified Defendants of its concerns on November 5, 2009, and demanded that they cease and desist from any and all such infringing uses.

29. On information and belief, subsequent to Defendants' receipt of UMass's cease and desist letter of November 5, 2009, Defendants, by and through their counsel, agreed to suspend the infringing uses of the MemoryXL® and MemXL marks and to suspend operation of the "memxl.com" website.

30. On information and belief, operation of the "memxl.com" website was suspended on or about November 18, 2010.

31. On information and belief, subsequent to their agreement to suspend infringing uses of the MemoryXL® and MemXL marks and operation of the "memxl.com" website, Defendants on or about December 2, 2009, registered and opened a new website located at the domain, "mymxl.com."

32. On information and belief, "mymxl.com" is a business predicated upon marketing and selling the MemoryXL® product that Defendants are no longer authorized to sell as a result of termination of the Agreement. Attached as Exhibit C, and incorporated herein by reference, is a true and correct screenshot of this website as seen when an internet user types in the domain name, "mymxl.com."

33. On information and belief, with full knowledge and disregard of the prior rights and demands of UMass, Defendants renewed their unauthorized use of the MemoryXL® and MemXL marks on the "mymxl.com" website in and around December 2009, and continue such unauthorized use to this date. Attached as Exhibit D, and incorporated herein by reference, is a true and correct screenshot of Defendants' use of the MemoryXL® mark as seen on the "mymxl.com" website.

34. On information and belief, with full knowledge and disregard of the prior rights and demands of UMass, Defendants use the MemoryXL® mark to direct internet traffic from the former "memxl.com" website to their new "mymxl.com" website. When an internet user searches for the former "memxl.com" website, they are expressly instructed that "MemoryXL has moved to www.mymxl.com." Attached as Exhibit E,

and incorporated herein by reference, is a true and correct screenshot as seen when an internet user types in the domain name, "memxl.com."

35. On information and belief, with full knowledge and disregard of the prior rights and demands of UMass, Defendants continue to distribute and sell products bearing the MemoryXL® mark by means of the "mymxl.com" website and/or other internet websites.

36. On January 28, 2010, a pill bottle with the label, "MemoryXL" in large letters, was purchased over the internet and received from a Massachusetts drugstore. The back of the label lists the "manufacturer" as "MemoryXL, 11 Beacon St., Boston, MA 02108," which is the Defendants' principal place of business. The bottle appears to contain the same product that Defendants are no longer authorized to sell as a result of termination of the Agreement by UMass. Attached as Exhibit F, and incorporated herein by reference, are true and correct photographs of the front and back of the aforesaid bottle as purchased.

37. On information and belief, with full knowledge and disregard of the prior rights and demands of UMass, Defendants are seeking to manufacture additional bottles of the MemoryXL® product for sale and distribution on either the "mymxl.com" website or other pharmacy-related websites.

38. On information and belief, with full knowledge and disregard of the prior rights and demands of UMass, Defendants intentionally embed the MemoryXL® mark within the metatag section of the source code of the "mymxl.com" website in order to sell MemoryXL® products. When an internet user types in the search term, "MemoryXL," the user is directed first and foremost to the "mymxl.com" website. Attached as Exhibit

G, and incorporated herein by reference, is a true and correct screenshot of the search results as seen when an internet user types in the search term, "MemoryXL."

39. On information and belief, Defendants intentionally use hyperlinks on the "mymxl.com" website to link to articles and clinical results that expressly reference UMass and its MemoryXL® mark. A review of the content of the "mymxl.com" website reveals no less than six hyperlinked articles which reference UMass and/or the MemoryXL® mark. Attached as Exhibit H, and incorporated herein by reference, is a true and correct screenshot of one such article.

40. Defendants' use of hyperlinks and metatags incorporating the MemoryXL® mark creates the false and confusing impression that UMass is affiliated with and/or approves, sponsors or endorses the business conducted by Defendants. Such an impression is false and disparages UMass and the MemoryXL® mark.

41. On information and belief, with full knowledge and disregard of the prior rights and demands of UMass, Defendants also use the abbreviation, MXL, in connection with selling MemoryXL® products on the "mymxl.com" website.

42. On information and belief, with full knowledge and disregard of the prior rights and demands of UMass, Defendants prominently and publicly display the MXL abbreviation in close association with the MemoryXL® and MemXL marks within the content of the "mymxl.com" website and elsewhere.

43. As a direct result of the MXL abbreviation being used in close proximity with the MemoryXL® and MemXL marks, the general public has come to associate these three marks as legally indistinguishable from each other.

44. As a direct result of the MXL abbreviation being used in close proximity with the MemoryXL® and MemXL marks on the "mymxl.com" website, the general public has come to associate the "mymxl.com" domain name with the MemoryXL® and MemXL marks.

45. On information and belief, Defendants solicit sales and garner income by unlawfully using the MemoryXL® and MemXL marks, as well as the MXL abbreviation, in connection with selling MemoryXL® products over the "mymxl.com" website and/or other internet websites.

46. Due to its constructive use date of July 2, 2008 and its priority of use the MemoryXL® mark in interstate commerce, UMass has the legal right and the business need for the continued and unencumbered use of its MemoryXL® mark on the internet and elsewhere, unfettered by the willful, infringing and ongoing uses made of the mark by Defendants on the internet and elsewhere. The consuming public must be protected from the likely and mistaken belief of association, sponsorship and/or affiliation with UMass which will arise from the legally identical and confusingly similar MemoryXL, MemXL and MXL marks used by Defendants.

47. As of the date of filing of this Complaint, Defendants have failed to cease their unauthorized and unlawful use of UMass's MemoryXL® mark and other intellectual property.

**COUNT ONE:**
**FEDERAL TRADEMARK INFRINGEMENT**
**15 U.S.C. § 1114**

48. UMass realleges paragraphs 1 through 47 above.

49. The past, present, and ongoing actions of Defendants as alleged constitute knowing and willful infringement of UMass's registered trademark, MemoryXL®, in violation of section 32 of the Trademark Act, 15 U.S.C. § 1114.

50. UMass's rights to the registered MemoryXL® mark predate any rights by Defendants in the United States.

51. Defendants' use in commerce of UMass's registered MemoryXL® mark in connection with its products, is likely to deceive and cause confusion and mistake among customers as to the source or origin of the products provided or offered for sale by Defendants and the affiliation of UMass with those products and/or the sponsorship or endorsement of those products by UMass.

52. UMass has not authorized, licensed or otherwise condoned or consented to Defendants' use of the MemoryXL® mark subsequent to October 10, 2009.

53. Defendants have misappropriated and continue to misappropriate UMass's substantial property right in the MemoryXL® mark, as well as the goodwill associated therewith.  Unless restrained and enjoined by this Court, such conduct will continue and will permit Defendants to improperly interfere with UMass's continued licensing and expansion of the MemoryXL® mark.

54. As a result of Defendants' ongoing unlawful actions, UMass continues to suffer irreparable harm.

55. As a direct and proximate result of Defendants' unlawful activities, UMass has suffered and will continue to suffer damages and injury to its institution, licensing and business reputation and goodwill, and other consequential damages.

## COUNT TWO:
## FEDERAL FALSE DESIGNATIONS OF ORIGIN AND FALSE DESCRIPTIONS OF FACT
## 15 U.S.C. §1125(a)

56. UMass realleges paragraphs 1 through 55 above.

57. Defendants' knowing and subsequent use of marks and domain names legally identical to and confusingly similar with the MemoryXL® mark associated with UMass constitutes false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact which are likely to cause confusion and mistake among consumers and deceive them and the general public as to origin or sponsorship of Defendants' products and the endorsement or sponsorship of the MemoryXL® products licensed by UMass to other entities.

58. Defendants' conduct and actions as alleged confuse and deceive customers by causing them to believe that its products are sponsored, approved, authorized, or licensed by UMass in violation of section 43(a) of the Trademark Act, 15 U.S.C. § 1125(a).

59. Defendants' actions as alleged above were committed willfully, with full knowledge of UMass's rights and with the intention of deceiving and misleading customers and the general public.

60. Defendants' actions as alleged above were committed willfully, with full knowledge of UMass's rights and with the intention of causing harm to UMass.

61. Defendants' actions as alleged were committed willfully, with full knowledge of UMass's rights and with the intention of misappropriating and wrongfully trading upon the valuable goodwill and reputation of UMass and its intellectual property.

62. Unless enjoined by this Court, Defendants will continue their ongoing acts of false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, causing irreparable injury to UMass.

63. As a direct and proximate result of Defendants' unlawful activities, UMass has suffered and will suffer damages and injury to its institution, licensing and business reputation and goodwill, and other consequential damages.

## COUNT THREE:
## STATE COMMON LAW UNFAIR COMPETITION

64. Plaintiff realleges paragraphs 1 through 63 above.

65. UMass is the owner of all right, title and interest in the mark, MemoryXL®, in connection with its licensing activities as recited above.

66. Defendants adopted and used the legally identical and confusingly similar marks, MemoryXL, MemXL, and MXL, and continue to use the same, on the internet in connection with the website domains, "memxl.com" and "mymxl.com," and in connection with products overlapping with, if not identical to, those previously and currently licensed by UMass in interstate commerce and promoted in this judicial district. Defendants' unauthorized use of such marks and domain names constitute both infringement of the rights of UMass in its MemoryXL® mark and unfair competition, likely to cause mistaken belief in the public as to the source, sponsorship or association between the parties.

67. As an unauthorized user of the MemoryXL® mark, Defendants are improperly trading on UMass's reputation and its goodwill in the MemoryXL® mark.

68. Defendants' activities constitute willful, knowing and intentional acts of infringement of the MemoryXL® mark and unfair competition under the common law of Massachusetts.

69. Defendants' actions will continue unless enjoined by this Court. UMass has suffered and will suffer damage and injury to its reputation, goodwill and licensing activities, and other consequential damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Board of Trustees of University of Massachusetts, prays that this Court enter an Order:

(A) Preliminarily and permanently enjoining Defendants, or anyone else acting in concert with it, or on its behalf, from: (1) using any reproduction or colorable imitation of the MemoryXL® mark, the abbreviated MemXL or MXL marks, or any mark confusingly similar thereto; (2) linking to, posting or otherwise using any materials associated with UMass, its faculty and/or staff; (3) using metatags incorporating the terms, MemoryXL, MemXL or MXL, or any terms confusingly similar thereto; (4) posting any content on the websites located at "memxl.com" or "mymxl.com"; (5) registering any domain name that incorporates the terms MemoryXL, MemXL, or MXL, or any confusingly similar terms; and (6) engaging in any other conduct that suggests or tends to suggest to the public that Defendants are in any manner, directly or indirectly, affiliated, connected or associated with UMass or that the Defendants' products, services or commercial activities originate from or are somehow sponsored or endorsed by UMass.

(B)     Requiring that Defendants deliver up and destroy any and all labels, signs, packages, wrappers, receptacles, advertising materials, web pages and other electronic data in their possession bearing the marks, MemoryXL, MemXL, MXL, "memxl.com," and/or "mymxl.com," and all means of making the same.

(C)     Entering judgment in favor of UMass and finding that Defendants' use of MemoryXL, MemXL, and MXL, and/or "memxl.com" and "mymxl.com," in connection with its activities, including on the internet or other computer networks, are in violation of the Federal Trademark Act and UMass's rights under Massachusetts common law.

(D)     Directing that Defendants, or anyone else acting in concert with them, or on their behalf, surrender and transfer the domain name registrations for "memxl.com" and "mymxl.com" to UMass.

(E)     Requiring Defendants to account to UMass for all profits made by it in connection with any and all commercial activity relating to its use of the MemoryXL®, MemXL, and MXL marks.

(F)     Awarding to UMass actual and consequential damages it sustained as a result of Defendants' wrongful conduct.

(G)     Awarding to UMass Defendants' profits pursuant to 15 U.S.C. § 1117.

(H)     Awarding to UMass treble damages pursuant to 15 U.S.C. § 1117.

(I)     Awarding UMass its costs, expenses and reasonable attorneys' fees in bringing this action.

(J)     Awarding UMass additional exemplary damages against Defendants.

(K)     Granting UMass such other legal and equitable relief that the Court may deem just and appropriate.

Dated April 13, 2010

Respectfully submitted,

BOARD OF TRUSTEES OF
THE UNIVERSITY OF MASSACHUSETTS,

By its attorneys,

Martha Coakley, Attorney General

/s/ Carl M. DeFranco
Carl M. DeFranco (BBO# 645604)
   Special Assistant Attorney General
   Lahive & Cockfield, LLP
   One Post Office Square
   Boston, MA 02109
   Tel. (617) 227-7400
Deirdre Heatwole (BBO# 228245)
   General Counsel
   University of Massachusetts
   One Beacon Street, 26th Floor
   Boston, MA 02108
   (617) 287-7098

Of Counsel:

Debra J. Milasincic (BBO# 638013)
Lahive & Cockfield, LLP
One Post Office Square
Boston, MA 02109
(617) 227-7400